IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| RYAN BRODEN,<br><br>   Plaintiff,<br><br>LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  Plaintiff, Ryan Broden ("Broden"), for his claims against Defendant, Lincoln National Life Insurance Company, dba Lincoln Financial Group ("Lincoln"), states and alleges as follows:

## PARTIES

1. Plaintiff Ryan Broden is, and at all times relevant to the allegations contained herein has been, a resident of the city of Fertile, Polk County, Minnesota.

2. Defendant Lincoln National Life Insurance Company is, and at all relevant times was, a Indiana corporation, and authorized to do business in North Dakota as Lincoln Financial Group.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., and principles of federal common law developed thereunder, and the Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1).

4. Venue is proper in this district under 29 U.S.C. § 1132(e)(2), ERISA § 502(e)(2), because the case involves an employee benefit plan administered in this district and the Defendant does business in this district.

1

## FACTUAL BACKGROUND

5.     Plaintiff restates and realleges paragraphs 1 through 4.

6.     For his Complaint, Broden seeks reinstatement of long term disability ("LTD") benefits from Defendant, together with his attorney's fees, costs, and disbursements in this action, his claims being governed by ERISA, 29 U.S.C. § 1001, *et seq*.

7.     Broden was employed by Brandt Holdings, Co. and worked as a sales manager.

8.     Through his employment with Brandt Holdings, Co., Broden was provided LTD coverage as part of a Group Policy administered by Defendant and was assigned policy number 000010083134.

9.     During Broden's employment with Brandt Holdings, Co. he was in a traumatic motor vehicle accident and suffered many spinal fractures in addition to a traumatic brain injury. He has also been diagnosed with degenerative disk disease of the lumbar and cervical spine which was causing and continues to cause severe and chronic pain. Broden also suffers from numerous other physical and mental disorders.

10.    Broden initially received STD benefits, which were converted to LTD benefits effective January 8, 2015 under the Group Policy's "own occupation" definition of disabled.

11.    On July 3, 2017, Social Security Administration administrative law judge Brenda Rosten determined Broden was and has been disabled since July 11, 2014, as there are no jobs that Broden can do in the national economy on a regular and continuing basis, including his job as a sales manager. This determination was consistent with and supported by testimony from an impartial vocational expert who testified at Broden's administrative hearing.

12.     Defendant, on April 14, 2016, advised Broden his "own occupation" period would be ending on January 8, 2017, but they would be re-evaluating his claim to determine if he was "Totally Disabled" from "any occupation."

13.     On September 15,2 016, Defendant alleged via letter that Broden was no longer disabled, even under the "own occupation" period, as defined by the Group Policy, effective September 16, 2016, and advised Broden of his right to submit an administrative appeal review request within 180 days.

14.     Broden timely submitted his administrative appeal on December 9, 2017 and was notified on May 31, 2017 Defendant was upholding its previous decision to deny his claim.

15.     On September 21, 2017, Broden timely appealed the May 31, 2017 denial affirmation. This appeal was received by Defendant on September 28, 2017.

16.     Despite submitting medical and vocational evidence in support of his appeal demonstrating entitlement to ongoing LTD benefits under the Group Policy, Broden's administrative appeal was denied by Defendant on October 18, 2017 in a manner that was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Group Plan, and not based on substantial evidence as demonstrated by the following non-exhaustive examples:

   a. Defendant relied on the opinions of medical professionals and other consultants who were financially biased by their relationship with Defendant and as such were unable to offer unbiased opinions;

   b. Defendant relied on the opinions of medical professionals and other consultants which were not supported by substantial evidence in the claim file and were not consistent with the overall evidence in the record;

    c. Defendant ignored compelling medical and vocational evidence and took selective evidence out of context as a means to deny Broden's claim for ongoing LTD benefits; and

    d. Defendant ignored and / or misrepresented the opinions of Broden's treating physicians and independent vocational expert.

17. Broden has therefore exhausted his administrative remedies.

18. Broden is, and at all times since July 11, 2014 was and continues to be disabled as defined in the Group Policy, entitling him to ongoing LTD benefits and rendering Defendant's denial improper under ERISA.

## COUNT I

19. Plaintiff restates and realleges paragraphs 1 through 18.

20. Plaintiff is disabled under the terms of the Group Plan and is entitled to receive LTD benefits.

21. Defendant's termination of LTD benefits violated ERISA, 29 U.S.C. § 1001, *et seq.*

22. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for reinstatement of LTD benefits, retroactive and ongoing LTD benefits, plus interest and reasonable attorneys' fees and costs, and a declaration that Plaintiff is entitled to benefits under the Group Policy.

## COUNT II

23. Plaintiff restates and realleges paragraphs 1 through 22.

24. Plaintiff has been forced to bring the instant action as a direct result of Defendant's violations.

25. As a direct result of Defendant's acts and failures, Plaintiff has incurred attorneys' fees

and costs. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

## PRAYER FOR RELIEF

26. WHEREFORE, Broden requests judgment in his favor and against Defendant as follows:

1. Adjudicate that Broden meets the definition of disability under the LTD plan;

2. Adjudicate that Defendant owes Broden retroactive monthly LTD benefits, plus interest;

3. Enjoin Defendant to pay LTD benefits under the Group Policy, plus accrued interest.

4. Award Broden the costs, disbursements and other expenses of this litigation, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g); and

5. Award such additional and further relief as the Court may deem just and proper.

Respectfully submitted this 5th day of April, 2018

/s/ Scott Haider\
Scott Haider\
ND ID# 07533\
Schneider, Schneider & Schneider\
Attorney for Plaintiff Ryan Broden\
815 Third Avenue South\
Fargo, North Dakota 58201\
(701) 235-4481\
scott@schneiderlawfirm.com